## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES W. HAMMONDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-499-JPG** |
| | ) | |
| **CALVIN HAMMONDS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This cause is before the Court on Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). A federal court may permit an indigent party to proceed with a civil action without prepayment of costs.  28 U.S.C. § 1915(a).  Plaintiff's indigence notwithstanding, the Court may deny leave to proceed *in forma pauperis* and dismiss an action if it is clearly frivolous, malicious, or fails to state a claim.  28 U.S.C. § 1915A.  An action is frivolous if "it lacks an arguable basis either in law or in fact."" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any supporting exhibits, the Court finds this action to be frivolous and subject to summary dismissal.

Plaintiff, currently an inmate in the Madison County Jail, brings this action for breach of contract against his brother.  Apparently Plaintiff loaned his brother approximately $1500, for which Plaintiff now seeks reimbursement.  Plaintiff asserts jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, 2671-2680.  However, the complaint does not allege that defendant Hammonds is an agent or employee of the United States; thus, the FTCA does not provide a basis for federal jurisdiction.

A more likely basis for jurisdiction is found under diversity jurisdiction, which exists between citizens of different states, where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1). It is not clear from the pleadings that this matter is between citizens of different states – Plaintiff is incarcerated in the Madison County Jail in Edwardsville, Illinois, while Defendant is alleged to be the owner of a business located at "117 East Elm Street;" no city or state is provided. Regardless, the amount in controversy appears to be only $1521.30 in compensatory damages, nowhere near the $75,000 statutory requirement.

Therefore, the Court finds no basis for federal jurisdiction of this matter, believing that this dispute is much better suited to small claims court. Accordingly, leave to proceed *in forma pauperis* is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that any appeal taken from this dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). He is further advised that should he file any appeal, not only would he be required to pay the appellate filing and docketing fee of $255, but the Court would also have to assess and collect the district court filing fee of $250. *See* 28 U.S.C. § 1915(b).

**IT IS SO ORDERED.**

**Dated: August 12, 2005**

　**s/ J. Phil Gilbert**　　　　　　　
**U. S. District Judge**

- 2 -